UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LATROY K. OATES                                          CIVIL ACTION

VERSUS                                                      NO. 21-1610

STATE OF LOUISIANA                              SECTION: "D"(3)

## REPORT AND RECOMMENDATION

Petitioner, LaTroy K. Oates, a Louisiana state prisoner, filed this federal application seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. For the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

On September 14, 2000, petitioner was convicted under Louisiana law of two counts of aggravated rape of a juvenile under the age of twelve.[1] On October 12, 2000, he was sentenced on each conviction to a term of life imprisonment without benefit of parole, probation, or suspension of sentence.[2] On May 30, 2001, the Louisiana Fifth Circuit Court of Appeal affirmed his convictions and sentences.[3] The Louisiana Supreme Court then denied his direct-review writ application on June 14, 2002.[4]

On or after July 26, 2006, petitioner filed a motion to correct illegal sentence with the state district court.[5] That motion was denied on August 14, 2006.[6] His related writ applications were

---

[1] State Rec., Vol. 3 of 14, transcript of September 14, 2000, pp. 282-83; State Rec., Vol. 10 of 14, jury verdict forms.
[2] State Rec., Vol. 3 of 4, transcript of October 12, 2000.
[3] State v. Oates, No. 01-KA-63 (La. App. 5th Cir. May 30, 2001); State Rec., Vol. 5 of 14.
[4] State v. Oates, 817 So. 2d 1150 (La. 2002); State Rec., Vol. 11 of 14.
[5] State Rec., Vol. 5 of 14.
[6] State Rec., Vol. 5 of 14, Order dated August 14, 2006.

thereafter also denied by the Louisiana Fifth Circuit Court of Appeal on September 22, 2006,[7] and by the Louisiana Supreme Court on August 31, 2007.[8]

On April 20, 2020, the United States Supreme Court held that a state jury must be unanimous to convict a criminal defendant of a serious offense. Ramos v. Louisiana, 140 S. Ct. 1390 (2020). Although petitioner was convicted by a unanimous jury,[9] he nevertheless filed a state post-conviction application seeking relief under Ramos on November 24, 2020.[10] The state district court denied that application on January 7, 2021,[11] and then his related writ applications were likewise denied by the Louisiana Fifth Circuit Court of Appeal on February 11, 2021,[12] and by the Louisiana Supreme Court on June 1, 2021.[13]

Petitioner filed the instant federal habeas corpus application on August 25, 2021, again seeking relief based on Ramos.[14] The state filed a response arguing that the application is untimely.[15] Petitioner was afforded an opportunity to file a reply,[16] but no reply was filed.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") includes a statute of limitations for petitioners seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2254. Specifically, the AEDPA provides:

---

[7] Oates v. Cain, No. 06-KH-693 (La. App. 5th Cir. Sept. 22, 2006); State Rec., Vol. 11 of 14.

[8] State ex rel. Oates v. Louisiana, 962 So. 2d 431 (La. 2007); State Rec., Vol. 5 of 14.

[9] See State Rec., Vol. 3 of 14, transcript of June 15, 2000, p. 283.

[10] State Rec., Vol. 8 of 14.

[11] State Rec., Vol. 7 of 14, Order dated January 7, 2021.

[12] Oates v. Louisiana, No. 21-KH-56 (La. App. 5th Cir. Feb. 11, 2021); State Rec., Vol. 7 of 14.

[13] Oates v. Louisiana, 316 So. 3d 829 (La. 2021); State Rec., Vol. 7 of 14.

[14] Rec. Doc. 4. "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003). Petitioner has declared under penalty of perjury that his application was placed in the prison mailing system on August 25, 2021. Rec. Doc. 4, p. 15.

[15] Rec. Doc. 9.

[16] See Rec. Doc. 6, p. 2.

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Because petitioner does not allege the existence of a state-created impediment or a newly discovered factual predicate, Subsections B and D are inapplicable in the instant case.

Petitioner appears to be arguing that, because he is seeking relief based on <u>Ramos</u>, Subsection C applies.[17]  If so, he is incorrect.  As noted, Subsection C is triggered only when a petitioner is seeking relief based on a constitutional right which has been newly recognized **and made retroactively applicable to cases on collateral review**.  On May 17, 2021, the United States Supreme Court held that <u>Ramos</u> is **not** retroactively applicable to cases on collateral review. <u>Edwards v. Vannoy</u>, 141 S. Ct. 1547 (2021).  Therefore, Subsection C was not triggered by <u>Ramos</u>.

---

[17] <u>See</u> Rec. Doc. 4-1, p. 8.

Accordingly, because Subsections B, C, and D are inapplicable in the instant case, petitioner's federal application must be dismissed as untimely unless it was timely filed pursuant to Subsection A.  It was not.

Regarding Subsection A, the United States Fifth Circuit Court of Appeals has explained:

> The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court.  Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003).

Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008).

Therefore, petitioner's state criminal judgment became final for federal purposes on September 12, 2002, i.e. ninety days after the Louisiana Supreme Court denied his direct-review writ application on June 14, 2002.[18]  Accordingly, in order to be timely, this federal application had to be filed on later than **September 12, 2003**, unless that deadline was extended through tolling.

The Court first considers statutory tolling.  Regarding the limitations period set forth in § 2244(d)(1), federal law provides:  "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. §

---

[18] State v. Oates, 817 So. 2d 1150 (La. 2002); State Rec., Vol. 11 of 14.

2244(d)(2). However, it has not been established that petitioner had any such properly filed applications pending in the state courts during that one-year period.[19]

The Court next considers equitable tolling. The United States Supreme Court has expressly held that the AEDPA's statute of limitations is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 645 (2010). However, "equitable tolling is unavailable in most cases …." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999); accord Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). Indeed, the Supreme Court held that "a petitioner is entitled to equitable tolling only if he shows both that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing." Holland, 560 U.S. at 649 (internal quotation marks omitted). A petitioner bears the burden of proof to establish entitlement to equitable tolling. Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002). In the

---

[19] The Court notes that, in the federal application, petitioner states: "Mr. Oates filed his *Application for Writs of Habeas Corpus and Mandamus* on September 4, 2002 to the Nineteenth Judicial District Court which was denied on October 29th, 2002. Mr. Oates did not proceed further with these claims due to lack of Offender Counsel Substitute at the Louisiana State Penitentiary." Rec. Doc. 4-1, p. 7. The state court record furnished to this Court does not include a copy of that application, presumably because it was not filed in the Twenty-Fourth Judicial District Court, the court in which petitioner was convicted.

It is not apparent from the record why petitioner filed the application in the Nineteenth Judicial District Court, and it is questionable whether that would have been a proper court for such a filing. See La. Code Crim. P. art. 926(A) ("An application for post conviction relief shall be by written petition **addressed to the district court for the parish in which the petitioner was convicted**." (emphasis added)). If the application was improperly filed in the wrong court, then the application obviously would not have tolled the federal limitations period. See Reaux v. Vannoy, Civ. Action No. 19-2529, 2019 WL 6770048, at *3 (E.D. La. Dec. 12, 2019) ("[N]o tolling applies where an application is filed in the wrong court."), appeal dismissed, No. 20-30027, 2020 WL 3989680 (5th Cir. Dec. 13, 2020); Marshall v. Department of Corrections, Civ. Action No. 18-6577, 2018 WL 6072246, at *4 (E.D. La. Oct. 26, 2018) ("It is clear that state applications filed in the wrong court do not qualify as 'properly filed' for purposes of § 2244(d)(2), and, therefore, do not toll the AEDPA statute of limitations."), adopted, 2018 WL 6068061 (E.D. La. Nov. 20, 2018).

Nevertheless, even if the application was properly filed and tolled the limitations period, petitioner's federal application is still untimely. Under that scenario, tolling would have ended upon the expiration of the thirty-day deadline for petitioner to seek review of the state district court's denial of the application. See Melancon v. Kaylo, 259 F.3d 401, 406 (5th Cir. 2001) (noting that if a petitioner fails to proceed to a higher level of judicial review in a timely fashion, his post-conviction application ceases to be "pending" for the purposes of § 2244(d)(2) when his time for seeking such review expires). The federal limitations period would then have expired no more than one year later in 2003, given that petitioner, by his own admission, filed no other state applications until 2006.

instant case, petitioner has brought forth no evidence demonstrating that he is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations.

Lastly, the United States Supreme Court has held:  "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar ... or, as in this case, expiration of the statute of limitations."  McQuiggin v. Perkins, 569 U.S. 383, 386 (2013).  However, the Supreme Court then took care to note:  "We caution … that tenable actual-innocence gateway pleas are rare:   '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'"  Id. (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)).  Here, petitioner has not claimed that he is actually innocent of the crimes of which he was convicted, much less presented any new evidence of actual innocence.  Accordingly, he has not met "the threshold requirement" for Perkins to apply.  Perkins, 569 U.S. at 386.  As a result, the "actual innocence" exception does not aid him.

Because petitioner has not established that he is eligible for any form of tolling or that the Perkins "actual innocence" exception applies, this federal application for habeas corpus relief had to be filed no later than **September 12, 2003**, in order to be timely.  Because it was not filed until **August 25, 2021**, it is untimely.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that the federal application for habeas corpus relief filed by LaTroy K. Oates be **DISMISSED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[20]

New Orleans, Louisiana, this  18th  day of January, 2022.


_____
DANA M. DOUGLAS
UNITED STATES MAGISTRATE JUDGE

---

[20] Douglass referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.