UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LA TROY K. OATES | CIVIL ACTION |
| VERSUS | NO. 21-1610-WBV |
| LOUISIANA STATE, ET AL. | SECTION: D |

### ORDER and REASONS

The Court, having considered the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254,[1] the record, the applicable law, the Report and Recommendation of the United States Magistrate Judge,[2] and the Objections filed by Petitioner, La Troy K. Oates,[3] hereby **APPROVES** the Report and Recommendation of the United States Magistrate Judge and **ADOPTS** it as its opinion in this matter.

### I.   PETITIONER'S OBJECTIONS

On January 19, 2022, the Magistrate Judge issued a Report and Recommendation to the Court, recommending that the Petition be dismissed with prejudice as untimely under 28 U.S.C. § 2244(d)(1).[4] On March 15, 2022, the Petitioner timely-filed a "Traverse to Report and Recommendation," objecting to several findings in the Magistrate Judge's Report and Recommendation.[5] Petitioner first objects to the Magistrate Judge's conclusion that he seeks post-conviction relief based upon the Supreme Court's recent decision in *Ramos v. Louisiana*, wherein the

---

[1] R. Doc. 4.
[2] R. Doc. 10.
[3] R. Doc. 13.
[4] R. Doc. 10.
[5] R. Doc. 13.  *See*, R. Docs. 11 & 12.


Supreme Court held that a state jury must be unanimous to convict a criminal defendant of a serious offense.[6] Petitioner contends that while he relies on the information provided by the Supreme Court in *Ramos*, he "is strictly making a Fourteenth Amendment Privileges and Immunities Clause claim in the instant application for Habeas Corpus."[7] According to Petitioner, "the State of Louisiana enacted a law that was intended to discriminate against its' [sic] African American citizens.  This is a violation of the Fourteenth Amendments Privileges and Immunities Clause and as such removed all jurisdiction of prosecution from the Court and State."[8]

Petitioner then objects to the Magistrate Judge's determination that his Petition should be denied as untimely under the one-year statute of limitations period set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1).  Petitioner first contests the Magistrate Judge's finding that he did not allege the existence of a newly discovered factual predicate to trigger the one-year statute of limitations period under § 2244(d)(1)(D).[9] Petitioner seems to assert that the factual predicate of his claim for a violation of the Fourteenth Amendment Privileges and Immunities Clause became known when the Supreme Court issued its opinion in *Ramos* on April 21, 2020, thereby rendering his November 4, 2020 application for state court post-conviction relief timely.[10] Petitioner then contests the

---

[6] R. Doc. 13 at pp 1-2 (citing *Ramos*, 140 S.Ct. 1390, 206 L.Ed.2d 583 (2020)).
[7] R. Doc. 13 at pp. 1-2 (citing *Ramos*, 140 S.Ct. 1390).
[8] R. Doc. 13 at pp. 2-3.
[9] R. Doc. 13 at pp. 3-4; *See*, R. Doc. 10 at pp. 2-3.
[10] R. Doc. 13 at pp. 3-4; *See*, R. Doc. 4-1 at p. 8.

Magistrate Judge's determination that his claim is not timely under § 2244(d)(1)(A) because he failed to file his federal petition within one year after the date his judgment became final, or by September 12, 2003, which deadline was not extended through statutory or equitable tolling.[11] Petitioner asserts that, "under the Fourteenth Amendments Privileges and Immunities Clause the State of Louisiana never obtained jurisdiction to prosecute and as such his judgment has never become final for the purposes of 28 U.S.C. § 2244(d)(1)(A)."[12] Petitioner seems to argue that because the State of Louisiana enacted a law allowing non-unanimous jury verdicts for serious crimes, which is a violation of the Fourteenth Amendment Privileges and Immunities Clause under *Ramos*, the state court lacked jurisdiction and his judgment never became final for purposes of § 2244(d)(1)(A).[13]

The Court finds that the objections raised by Petitioner largely repeat the arguments asserted in his Petition, namely that his Fourteenth Amendment rights were violated when the State of Louisiana enacted a law with invidious racial intent to purposefully discriminate against African American citizens and that his application for post-conviction relief was timely because it was filed within one year of the Supreme Court's ruling in *Ramos*.[14] The Magistrate Judge addressed these issues extensively and conducted a thorough analysis of Petitioner's arguments in her Report and Recommendation. The Court agrees with the Magistrate Judge's assessment that, to the extent Petitioner asserts his Petition is timely under 28

---

[11] R. Doc. 13 at pp. 4-5; *See*, R. Doc. 10 at pp. 4-5.
[12] R. Doc. 13 at p. 5.
[13] R. Doc. 13 at pp. 2-3 & 5.
[14] R. Doc. 4-1 at pp. 6 & 9-18.

U.S.C. § 2244(d)(1)(C) based upon the Supreme Court's decision in *Ramos*, Subsection C states that it is only triggered when a petitioner seeks relief based upon a constitutional right which has been newly recognized and made retroactively applicable to cases on collateral review.[15] As the Magistrate Judge correctly pointed out, the Supreme Court has clarified that *Ramos* is not retroactively applicable to cases on collateral review.[16]

To the extent Petitioner claims that his Petition was timely under *Ramos* through § 2244(d)(1)(D), rather than § 2244(d)(1)(C), that argument lacks merit. Subsection D provides that the one-year statute of limitations for filing a writ of habeas corpus begins to run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."[17] Petitioner appears to argue that the factual predicate for his post-conviction claims – the unlawfulness of a non-unanimous jury verdict – was not discovered until the Supreme Court issued its opinion in *Ramos* in April 2020. As the Magistrate Judge correctly pointed out, however, Petitioner was convicted by a unanimous jury.[18] Thus, the decision in *Ramos* did not affect the constitutionality of his conviction. Moreover, the Supreme Court rendered its opinion in *Ramos* on April 20, 2020, more than a year before Petitioner attempted to file his federal habeas

---

[15] 28 U.S.C. § 2244(d)(1)(C).  *See*, R. Doc. 10 at p. 3.
[16] *Edwards v. Vannoy*, 141 S.Ct. 1547, 1551-52, 209 L.Ed.2d 651 (2021); R. Doc. 10 at p. 3.
[17] 28 U.S.C. § 2244(d)(1)(D).
[18] R. Doc. 10 at p. 2; *See*, R. Doc. 4-3 at p. 2 ("On September 14, 2000, a unanimous jury convicted the petitioner of two counts of La. R.S. 14:42, aggravated rape of a victim under 12.").

corpus application on August 24, 2021.[19] Thus, the Petition was not timely-filed under 28 U.S.C. § 2244(d)(1)(D).

The Magistrate Judge also conducted a thorough analysis of 28 U.S.C. § 2244(d)(1)(A) and concluded that the Petition was not timely-filed under that provision.[20] After reviewing the Petition and the record, the Court reaches the same conclusion. The Magistrate Judge determined that Petitioner's state criminal judgment became final for federal purposes under § 2244(d)(1)(A) on September 12, 2002, 90 days after the Louisiana Supreme Court denied his direct-review writ application on June 14, 2002.[21] Petitioner seems to agree with this determination. In his Memorandum in Support of Petition for Writ of Habeas Corpus Pursuant to Title 28 U.S.C. Section 2254, Petitioner asserts that the Louisiana Supreme Court denied his writ of certiorari on June 14, 2002, and that his conviction "became final for the purpose of the Anti-Terrorism and Effective Death Penalty Act on September 14, 2002, after the 90 day period for seeking relief in the United States Supreme Court expired."[22] The Magistrate Judge then determined that the Petition had to be filed by September 12, 2003 to be timely under § 2244(d)(1)(A), unless that deadline was extended through tolling.[23] After conducting a thorough analysis of statutory and equitable tolling principles, the Magistrate Judge determined that Petitioner had not established that he is eligible for any form of tolling, or that the "actual innocence"

---

[19] R. Doc. 1. The Court notes that the Petition was initially marked "Deficient" by the Clerk of Court, and was re-filed on September 24, 2021. R. Doc. 4.
[20] R. Doc. 10 at pp. 4-6.
[21] *Id.* at p. 4.
[22] R. Doc. 4-1 at p. 7.
[23] R. Doc. 10 at p. 4.

exception applied.[24]  The Court reaches the same conclusion.  As such, the Petition, which was filed on August 24, 2021, was not timely-filed under § 2244(d)(1)(A).

As set forth above, this Court agrees with the Magistrate Judge's review and analysis of the Petition.  Although Petitioner filed objections to the Report and Recommendation, Petitioner largely repeats the same arguments raised in his Petition, which were sufficiently addressed by the Magistrate Judge.  While Petitioner raised one new argument regarding the application of 28 U.S.C. § 2244(d)(1)(D), the Court finds that the argument lacks merit.  The Court notes that Petitioner did not provide any additional evidence that was not available and considered by the Magistrate Judge.  Accordingly, finding that Petitioner's objections to the Magistrate Judge's Report and Recommendation are without merit, the Court **OVERRULES** the objections.

Additionally, Rule 11(a) of the Rules Governing 28 U.S.C. § 2254 proceedings provides that, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  A court may only issue a certificate of appealability if the petitioner makes "a substantial showing of the denial of a constitutional right." [25]  The "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] adequate to deserve

---

[24] *Id.* at pp. 4-6.
[25] 28 U.S.C. § 2253(c)(2).

encouragement to proceed further.[26]  The Court finds that La Troy K. Oates' Petition fails to satisfy this standard.  Accordingly, the Court will not issue a certificate of appealability.

## II.     CONCLUSION

**IT IS HEREBY ORDERED** that the Petition of La Troy K. Oates for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Court **DENIES** a certificate of appealability.

New Orleans, Louisiana, March 31, 2022.

*[signature]*
**WENDY B. VITTER**
**United States District Judge**

---

[26] *Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)) (internal quotation marks omitted).